**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IVANKA, INC. ) | |
|     Plaintiff ) | |
| vs. ) | 1:22-cv-00409 |
| ) | Hon. Steven C. Seeger |
| The Partnerships and Unincorporated Associations Identified ) | Hon. Jeffrey Cole |
|     in Schedule A ) | |
|     Defendants ) | |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF A
TEMPORARY RESTRAINING ORDER**

    Plaintiff Ivanka, Inc., by counsel and pursuant to 15 U.S.C. section 1116 and Fed. R. Civ. P. 65, submit this memorandum of law in support of their Ex Parte Motion for Temporary Restraining Order, following the Motion on an Order for Service of Process by Email.

**I. INTRODUCTION AND SUMMARY OF ACTION.**

    Ivanka, Inc. is a Delaware-based corporation that specializes in photographic images for products. Ivanka, Inc. images have been popular in the United States and in various countries. Ivanka, Inc.'s images are often used on online platforms for the promotion and advertising of new products.

    Ivanka, Inc. is a marketer of online fashionable products, including footwear. As part of the marketing campaign for Plaintiff's products, Plaintiff has photographs of the products created for distribution on various online retail platforms such as Ebay.com or Amazon,com. One such product is FUR SLIDES (Doc. 1, Exhibits A and B). Plaintiff pursued and obtained federal copyright

protection.

As is the case with other popular images, Plaintiff has become aware of copying of their images for use by companies selling products. These companies have not licensed Plaintiff's work nor made any case that their images are fair use in comparison to Plaintiff's copyrighted images. Thus, Plaintiff has been forced to take action against numerous copyright infringers, many of whom hide behind false identities and online marketplaces. As part of this enforcement effort, Plaintiff has filed a complaint against Defendants identified in Schedule A to the First Amended Complaint (collectively, "the Defendants") for violations of the Copyright Act. Defendants are knowingly promoting, advertising, marketing, retailing, offering for sale, distributing and selling products by utilizing Plaintiff's copyright images without permission or license, and outside of permissive fair use provisions. Defendants use of Plaintiff's copyrighted images occurs in conjunction with the online platforms of Amazon and/or Ebay, whereby on said platforms they use Plaintiff's copyright images and sell products. Defendants run sophisticated infringing operations and are doing business with Illinois residents by selling product to said Illinois residents using Plaintiff's copyrighted images. Specifically, Defendants employ user accounts listed in Schedule A to the first amended Complaint (the "Defendant Stores").

Plaintiff is forced to file this action to combat Defendants' copying and impermissive use of Plaintiff's copyrighted images. Defendants' ongoing unlawful activities should be restrained.

Defendants' unlawful activities have caused, and will continue to cause, irreparable injury to Plaintiff by utilizing Plaintiff's copyrighted image and diluting Plaintiff's ability to financially benefit from his work efforts.

## II. STATEMENT OF FACTS

Plaintiff's photographic images are primarily used to advertise and exhibit product on Internet stores and platforms. Plaintiff is the exclusive owner of all copyrights in and to the photographs identified in Exhibit A (Doc. 1). On information and belief, Defendants have advertised, displayed, sold, and/or distributed hundreds of products featuring unauthorized copies of Plaintiff's photograph. The Defendants have offered to sale and sold infringing products through third-party web platforms, including Ebay and Amazon.com.

Recently, Plaintiff became aware of Defendants' online sales relying upon Plaintiff's images. Plaintiff images of products are deemed to be so specialized and expressive that Plaintiff believes they are useful in assisting Defendants' in selling their products on the online platforms Amazon and/or Ebay. Plaintiff reviewed images on each of the Defendants' Internet Stores to determine their authenticity. Through this extensive review, Plaintiff determined that the Defendants' were utilizing images that were substantially similar to Plaintiff's copyrighted image. Defendants' images were accessed by consumers in this district.

## III. SUPPORT FOR THE TEMPORARY RESTRAINING ORDER.

Under Rule 65(b) of the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without written or oral notice to a defendant where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Here, each of the Defendants fraudulently promotes, advertises, offers to sell, and sells goods utilizing Plaintiff's copyrighted works through the use of the Defendant Stores on one or more of the platforms Amazon and/or Ebay. The entry of a

temporary restraining order is appropriate because it would immediately enjoin Defendants from benefiting from their wrongful use of the Plaintiff's copyrighted works and preserve the status quo until such time as a hearing can be held.  *See, Lorillard Tobacco Company v. Canstar,* No. 03-cv-4769 (N.D. Ill. Aug. 24, 2005); *See also, In re Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2nd Cir. 1979)(recognizing that *ex parte* temporary restraining orders are "indispensable to the commencement of an action when it is the sole method of preserving a state of affairs in which the court can provide effective final relief"); *Dell Inc. v. BelgiumDomains, LLC,* No. 07-22674, 2007 WL 6862341, at *2 (S.D. Fla. Nov. 21, 2007) (finding *ex parte* relief particularly compelling where counterfeiting activity "is in electronic form and subject to quick, easy, untraceable destruction by Defendants"); *Microsoft Corp. v. John Does 1-27*, No. 10-cv-00156-LMB-JFA [Dkt. NO. 23] (E.D. Va. Feb. 22, 2010) (granting an *ex parte* TRO upon finding that the "Court's ability to grant effective final relief will result from the sale, transfer, or other disposition or concealment by Defendants of the domains at issue … if the Defendants receive advance notice of this action.")

In the absence of an *ex parte* temporary restraining order, Defendants will have not only a strong incentive, but the opportunity to move any assets away from U.S.-based financial accounts existing on the platforms Amazon and Ebay, to accounts outside the jurisdiction of this and other U.S. courts.  Federal courts have recognized that, in circumstances such as these, providing notice to defendants "appears to serve only to render fruitless further prosecution of the action."  *See in re Vuitton et Fils S.A.,* 606 F.2d 1, 5 (2nd Cir. 1979); *Time Warner Enter. Co. v. Doe*, 876 F.Supp. 407, 410-11 (E.D.N.Y. 1994); *Columbia Pictures Indus., Inc. v. Jasso,* 927 F.Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often rendered useless if notice is given to the infringers").

To prevent Defendants from circumventing any relief this Court may provide, the Court should grant Plaintiff's *ex parte* motion for a temporary restraining order. Such relief has regularly been granted by this Court, as well as from other U.S. district courts around the country. *See, e.g., Otter Prods., LLC et al. v. The Partnerships and Unincorporated Ass'n Identified on Schedule "A"*, 17-cv-010141 [ECF No. 23 (N.D. Ill. Feb. 14, 2017) (granting motion for *ex parte* asset seizure order); *Montblanc-Simplo GmbH v. The Internet Domain Names identified on Schedule A,* 17-cv-00415-lmb-tcb [ECF No. 15] (E.D. Va. April 14, 2017) (same); *Chloe SAS et al. v. Sawabeh Information Servs. Co.,* 11-cv-04147 [ECF No. 32] (C.D. Cal. May 17, 2011)(same); *Richemont Int'l SA et al. v. replicawatchesman.com,* 16-cv-62612 [ECF NO. 16] (S.D. Fla. Nov. 28, 2016)(same).

## IV. ARGUMENT FOR TEMPORARY RESTRAINING ORDER (TRO).

In deciding whether to grant a TRO or preliminary injunction,the Seventh Circuit follows the test established by the U.S. Supreme Court in <u>Winter v. Natural Resources Defense Council, Inc.</u>, whereby the plaintiff must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest. *See*, *Mahwikizi v. Ctrs. for Disease Control & Prevention,* no. 21-cv-3467 (N.D. Ill. Nov. 22, 2021) (*quoting*, *Winter,* 555 U.S. 7, 20 (2008)).

An analysis of this case under the *Winter* factors compels this Court to grant Plaintiff's motion and (1) order a temporary freeze on all Amazon and Ebay accounts linked to the Defendants and therefore likely to be used in connection with the Defendants' impermissive copying; and (2) authorize limited, expedited discovery allowing Plaintiff to identify each of the Defendants and inspect their financial account(s).

Plaintiff is likely to succeed on the merits as he has established facts supporting his claim that: (a) Defendants have used substantially similar images to Plaintiff's copyrighted works, without authorization, in connection with the sale, offering for sale, distribution of, advertising of, goods relying upon the copyrighted works, and (b) Plaintiff holds a valid copyright over works that are the subject of the Complaint. If the *ex parte* Motion is not granted, Plaintiff will suffer irreparable harm. There is a presumption of irreparable harm in copyright infringement cases. *See, ISC-Bunker Ramo Corp. v. Altech, Inc.*, 765 F.Supp. 1310, 1330 (N.D. Ill. 1990).

The public interest also weighs heavily in favor of the Court granting a temporary restraining order. It is virtually axiomatic that the public interest can only be served by upholding copyright protections. *See. Erickson v. Trinity Theatre, Inc.* 13 F.3d 1061, 1066 (7th Cir. 1994).

**A. Ivanka, Inc. is Entitled to this TRO Injunction on the Grounds He is Likely to Succeed on the Merits on his Claims.**

Pursuant to 17 U.S.C. 502(a) of the Copyright Act, a court may grant injunction relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright … Preliminary injunctive relief is available to a party who demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decrease." *A & M Records, Inc. v. Napster, Inc.* 239 F.3d 1004, 1013 (9th Cir. 2001); *See also, Fameflynet, Inc. v. Jasmine Enters, Inc.*, 344 F.Supp.3d 906 (N.D. Ill. 2018). And further, an injunction is in the public

interest. *Overstreet v. United Blvd. of Carpenters & Joiners, Local Union No. 1506*, 409 F.3d 1199, 1207 (9th Cir. 2005).

For Plaintiff to prevail on his claim of copyright infringement he has the burden of establishing: (1) his ownership of a valid copyright; and (2) violation of at least one of Plaintiff's exclusive rights in such copyright by the Defendant. 17 U.S.C. section 501; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). With respect to 2D works, the Copyright Act specifies the copyright owner's exclusive right "to reproduce the copyrighted work", "to prepare derivative works", and "to distribute copies … of the copyrighted work to the public", 17 U.S.C. section 106(1)-(3). Plaintiff reaffirms his ownership of the valid United States copyright bearing registration number UVA-1-373-255, and incorporates the statements in the aforementioned paragraphs herein.

Plaintiff, in his pleadings, has established ownership of a valid copyright and/or the relevant exclusive rights under United States copyright laws in regards to the RACOON FUR SLIDE photographs. Plaintiff has also established that the Defendants have infringed Plaintiff's copyright by publicly displaying the infringing images, preparing derivative works, and reproducing Plaintiff's image without a license or expressed written permission from Plaintiff, in violation of 17 U.S.C. section 106(1)-(3) and section 501.

The substantial similarity between Plaintiff's RACOON FUR SLIDES photographs and Defendants' images sold on Amazon and Ebay is undeniable. Plaintiff's images and the Defendants' various images are nearly identical in every aspect. As shown in the attached exhibit, in a side by side comparison, Defendants' images are so strikingly similar that there is no chance they were created independently of each other to the extent that the Defendants' designs do not incorporate any additional features or omit any features of Plaintiff's RACOON FUR SLIDES images.

The Copyright Act does not require identical copying, only substantial similarity. *See*, *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 511 (7th Cir. 1994). The test for copyright infringement is of necessity vague. No principle can be stated as to when an imitator has gone beyond the copying of the "idea" and has borrowed its expression. *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2nd Cir. 1960). In order to prevail on a claim of copyright infringement, a plaintiff must prove both ownership of a valid copyright and illicit copying by defendant. To establish illicit copying, a plaintiff must show (1) access, (2) substantial similarity, and (3) unlawful appropriation. If two works are substantially similar in a sense, the likeness between them is great enough to give rise to an inference that the defendant took ideas from the plaintiff's work. *Wallace Computer Serv., v. Adams Business Focus*, 837 F.Supp. 1413, 1416 (N.D. Ill. 1993). As applied to photographs, the subject matter is not copyrighted, only the expression of the idea is protected. *Id.*

Plaintiff's images and the Defendants' images specifically incorporate the following features:

- a top-view of the raccoon fur slippers, whereby the fur slippers are presented a white or off-white background;

-the right and left raccoon fur slippers are presented at a slight angle to each other;

-the fur of the slippers are presented in 'poofd' version in order to show the fullness of the product and the quality of the fur.

Slight variations have been made by several of the infringers, but still fall within the confines of Plaintiff's copyright.

Defendants violated the rights of Ivanka, Inc.'s copyright under 17 U.S.C. section

106(1) and 17 U.S.C. section 501(a) when defendants uploaded their images to Amazon and/or Ebay and published them on the corresponding online site for the purpose of selling items, whereby the infringing works assisted in selling said items. *A & M Records, Inc., v. Napster, Inc.,* 239 F.3d 1004, 1014 (9th Cir. 2001).

### B. Ivanka, Inc. has and continues to suffer irreparable harm.

The Seventh Circuit has long held the standard that "[a] showing of a reasonable likelihood of success on the merits in a copyright infringement claim raises a presumption of irreparable harm" for purposes of a preliminary injunction. *See, ISC-Bunker Ramco Corp. v. Altech, Inc.,* 765 F.Supp. 1310, 1330 (N.D. Ill. 1990); *see also, Perfect 10, Inc. v. Google, Inc.,* 653 F.3d 976 (9th Cir. 2011). Defendants have continued to offer their images, as well as similar various thereof, for sale on web platforms Amazon and/or Ebay.

Plaintiff became aware of the infringing images upon researching the platforms of Amazon and Ebay, whereby Defendants substantially similar images were prominently displayed, using these images to sell their products. Plaintiff believes, based on the evidence and history of the actions of Defendants, that injunction relief is just and proper in this action due to the continued misappropriation of the design in controversy and defendants' nefarious efforts to find other venues to offer merchandise for sale. Defendants have displayed a clear and ongoing disregard for Plaintiff and his RACOON FUR SLIDE images, and the copyrights pertaining thereto.

### C. The Balance of Equities and Public Interest Favor an Injunction.

As explained in the previous paragraphs, the harm incurred by Plaintiff is irreparable. Any potential harm to Defendants is purely financial. The public interest undoubtedly favors an injunction in that protecting the rights of copyright owners serves as economic incentive. "Creative work is to be encouraged and rewarded, but private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts". *MetroGoldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913, 962 (SC 2005). Quoting *Twentieth Century Music Corp. v. Aiken,* 422 U.S. 151, 156 (SC 1975). Copyright holders are afforded protections under the laws so that they may serve to abate infringement and financial loss and promote creativity in such protections. "Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.,* 714 F.2d 1240, 1255 (3rd. Cir. 1983).

### D. Plaintiff is Entitled to Preliminary Injunction based on Defendants Inability to Satisfy a Judgment of this Court.

The issue raised in this motion is straightforward in that Plaintiff intends to disrupt any efforts by Defendants to evade any financial obligations to satisfy a judgment handed down by this Court. The likelihood Defendants have, or will attempt to, conceal or disperse significant amounts of cash is highly probable in order to seek protection of their assets from this Court. "[T]he probable outcome of this action, this is a loss which [defendants] may

justifiably be called upon to bear." *Corning Glass Works v. Jeannette Glass Co.*, 308 F.Supp. 1321, 1328 (S.D.N.Y. 1970), *aff'd.* 432 F.2d 784 (2nd Cir. 1970). Therefore, this motion for temporary restraining order is proper in the interest of justice for all parties.

This Court has Jurisdiction to Grant the Relief requested. This motion for injunctive relief is proper pursuant to FRCP 65(a) as well as 17 U.S.C. section 501, 502, et seq. The District Courts have jurisdiction in federal copyright infringement remedies.

### III. THE TRO SHOULD DIRECT DEFENDANTS TO CEASE USING THEIR IMAGES AND SIMILAR VERSIONS THEREOF.

This Court has the power to grant temporary and permanent injunctions on terms it may deem necessary to prevent or restrain further infringement. This Court's power to issue such relief is supported by numerous statutes and authorities, including 17 U.S.C. section 502, which allows a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright". Given that Defendants have continued to demonstrate a willingness to continue to infringe upon the RACOON FUR SLIDES design without regard, it is essential this Court grant an order barring Defendants from doing further irreparable harm to Plaintiff and his copyright images in their repeated commercial use of their images and all other versions deemed to be infringing.

### IV. PLAINTIFF IS ENTITLED TO AN ORDER PREVENTING THE FRAUDULENT TRANSFER OR DISPERSION OF ASSETS.

Pursuant to FRCP 65(d)(2), which imbues courts with the power to issue injunctions that bind parties, parties' officers, agents, servants, employees, and attorneys and any "other

persons who are in active concert or participation with" any such individuals or entities, and the Court's "inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief," which encompasses injunctions as broad as restraining defendants' assets to preserve them for disgorgement of profits and equitable accounting. *Levi Strauss & Co. v. Sunrise Int" Trading, Inc.,* 51 F.3d 982, 986-87 (11th Cir. 1995); *Datatech Enters. LLC v. FF Magnat Ltd.,* No. C 12-04500, 2012 U.S. DIst. LEXIS 131711, at &11-12 (N.D. Cal. Sept., 14, 2021 (2012). Plaintiff, if successful, will ultimately be entitled to disgorgement of the profits attributable to the copyright infringement. On these bases, courts have repeatedly held that district courts possess the inherent equitable authority to restrain a defendant's assets so that these equitable remedies are not later frustrated by dissipation by assets. *Datatech Enters.*

To obtain an order restraining a defendant's assets, a plaintiff must show "a likelihood of dissipation of the claimed assets, or other inability to recover money damages, if relief is not granted." *Datatech Enters.,* 2012 U.S. Dist. LEXIS 131711, at *12 (quoting, *Johnson v. Couturier,* 572 F.3d 1067, 1085 (9th Cir. 2009)). As discussed herein, Defendants have invoked the type of evasive behavior that justifies an asset restraint to ensure that Plaintiff remedies are not rendered meaningless. Plaintiff believes Defendants will attempt to conceal any assets if found accountable for his infringement.

## V. CONCLUSION

The Court should grant the relief requested in the proposed preliminary injunction order, including but not limited to: (i) Defendants being restrained from using their substantially similar image and similar versions thereof in any commercial application including sales promotions, (ii) order the Amazon.com accounts and/or Ebay accounts of

Defendants frozen including funds associated therewith, and (iii) order all payments from Amazon and/or Ebay to Defendants to be withheld until such time the temporary injunction is either dissolved or a permanent injunction is issued.

Dated:  January 28, 2022						Respectfully Submitted:

      _____/RDWy/_____
Robert M. DEWITTY
DeWitty and Associates
700 12th Street, N.W. Suite 700
Washington, D.C. 20005
T:  202 705 7260
F: 202 513 8071
E:  admin@dewittyip.com